IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WAYPOINT ADELAIDE SR OWNER, LLC                                      PLAINTIFF

V.                                                CIVIL ACTION NO. 1:18-CV-237-SA-DAS

THE CLAIBORNE AT ADELAIDE, LLC, and
CR PROPERTIES, LLC.                                                  DEFENDANTS

ORDER

Plaintiff filed this action on December 20, 2018, pursuing, *inter alia*, a breach of contract claim, and premising federal jurisdiction on diversity of citizenship. The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.* Further, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).3

Because the Plaintiffs, as the parties invoking this Court's jurisdiction, failed to "distinctly and affirmatively" allege the citizenship of the parties in their complaint, this Court issued an order to show cause as to jurisdiction [5]. *Getty Oil*, 841 F.2d at 1259. This case involves a three Limited Liability Companies, all of which the Plaintiff claims is diverse. In the order to show cause, the Court specified specific insufficiencies in the Plaintiff's jurisdictional allegations and described the

jurisdictional requirements for a variety of party types. The Court provided substantial time for the parties to conduct jurisdictional related discovery and to respond to the Court's order. The Plaintiff's Response [6] to the Court's order contains many of the same defects as the original complaint.

The primary defect is the Plaintiff's failed attempt to properly allege its own citizenship. In their response, the Plaintiff states that its sole member is Waypoint Adelaide SR Sub, LLC., a Delaware Limited Liability Company. The Plaintiff argues that it is domiciled in Delaware. The Plaintiff's response does not satisfy the jurisdictional proof requirements for a Limited Liability Company as exhibited in *Harvey v. Grey Wolf Drilling Company*. 542 F.3d 1077 (5th Cir. 2008). While the Plaintiff did inform the Court of its sole member, the Plaintiff fails to correctly state the citizenship of its sole member, Waypoint Adelaide SR Sub, LLC. This distinction is critical for the Court to assess diversity. *See, e.g., Harvey,* 542 at 1080 (stating "the citizenship of an LLC is determined by the citizenship of all of its members").

It is well established that federal courts have limited subject matter jurisdiction, and "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); 13 Charles Alan Wright & Arthur R. Miller, et al, Federal Practice & Procedure § 3522 (3d ed.). A "district court must be certain that the parties are in fact diverse before proceeding to the merits of the case" *Getty*, 841 F.2d at 1258 (citing *B. Inc. v. Miller Brewing*, 663 F.2d 545, 548–49 (5th Cir. 1981); *see also* FED. R. CIV. P. 12(h)(3). Because the Plaintiff failed to meet their burden of proving diversity, and failed to comply with the Court's order to show cause, Federal Rule of Civil Procedure 12(h)(3) requires dismissal.

This case is DISMISSED *without prejudice* pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. This case is CLOSED.

It is SO ORDERED, on this 20th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE